# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THERMAL DESIGN, INC.,**

          Plaintiff,

   -vs-                                    **Case No. 08-C-828**

**GUARDIAN BUILDING PRODUCTS, INC.,**
**GUARDIAN BUILDING PRODUCTS**
**DISTRIBUTION, INC., d/b/a**
**GBP/SILVERCOTE, INC., and**
**CGI/SILVERCOTE, INC.,**

          Defendants.

## DECISION AND ORDER

Thermal Design, Inc. ("Thermal Design"), a company that manufactures and sells ceiling and wall insulation systems for large non-residential metal buildings, filed an eight-count amended complaint against Guardian Building Products, Inc. ("GBP"), Guardian Building Products Distribution, Inc. d/b/a GBP/Silvercote, Inc. ("Silvercote"), and CGI/Silvercote, Inc. ("CGI"). Thermal Design alleges that after initially purchasing insulation products from defendants, defendants began selling products in competition with Thermal Design. The amended complaint alleged four claims for false advertising under the Lanham Act, 15 U.S.C. § 1125, and four claims under the Wisconsin Deceptive Trade

Practices Act, Wis. Stat. § 100.18.[1] Defendants moved to dismiss and to strike immaterial allegations.

In response to the motion to dismiss, Thermal Design filed a brief in opposition. On the same day, Thermal Design filed a motion for leave to file a second amended complaint. Thermal Design attached a proposed second amended complaint to its motion. The proposed second amended complaint is not in its final form, but it alleges the same eight claims as the first amended complaint. It provides more detailed allegations in response to the arguments raised by defendants' motion to dismiss. The proposed second amended complaint also joins an additional defendant, Guardian Fiberglass, Inc. ("Guardian Fiberglass").

Although this is an awkward procedural tangle (partly because Thermal Design's motion does not comply with Civil L.R. 15.1 in many respects), the Court denied defendants' motion to stay briefing on Thermal Design's motion for leave to file a second amended complaint. The result is that the motion to dismiss the first amended complaint and the motion for leave to file a second amended complaint are fully briefed. The Court could simply reject the second amended complaint for failure to comply with the local rules, then adjudicate the motion to dismiss the first amended complaint. After reviewing both motions, this is not an appropriate course of action. As a general principle, leave to amend should be freely given, and (for the reasons stated below) the proposed second amended complaint does not evince futility. Therefore, the Court will evaluate the arguments presented by both motions as they pertain to the proposed second amended complaint. For the reasons that

---

[1] The parties are completely diverse, and the amount in controversy exceeds $75,000, giving the Court original jurisdiction over the state law claims. *See* 28 U.S.C. § 1332.

-2-

follow, Thermal Design's motion for leave to amend is granted, and defendants' motion to dismiss is denied.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In evaluating a Rule 12(b)(6) motion, the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a motion to dismiss, the complaint must overcome "two clear, easy hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original) (citing *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)).

To state a claim under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125, plaintiffs must allege (1) a false or misleading statement in a commercial advertisement or promotion about its own or another's product (2) that actually deceives or is likely to deceive a substantial segment of the advertisement's audience (3) on a subject material to the decision to purchase the goods (4) touting goods entering interstate commerce (5) and that results in actual or probable injury to the plaintiff. *See B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 971 (7th Cir. 1999); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999). Similarly, a claim under the Wisconsin Deceptive Trade

Practices Act contains the following elements: "First, that with the intent to induce an obligation, the defendant made a representation to 'the public.' Second, that the representation was untrue, deceptive, or misleading. Third, that the representation caused the plaintiff a pecuniary loss." *K&S Tool & Die Corp. v. Perfection Machinery Sales, Inc.*, 2007 WI 70, ¶ 19.

Defendants argue that the alleged false representations do not meet the "commercial advertisement" requirement because they are not "disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion.'" *Medical Graphics Corp. v. Sensormedics Corp.*, 872 F. Supp. 643, 650 (D. Minn. 1994) (quoting *Gordon & Breach Science Publishers S.A. v. American Inst. of Physics*, 859 F. Supp. 1521, 1536 (S.D.N.Y. 1994)). However, each of the claims allege that the various brochures or advertisements were included in publications, marketing materials, brochures, trade shows and websites. These allegations suggest that defendants were engaged in commercial advertising. *See, e.g., Healthport Corp. v. Tanita Corp. of America*, 563 F. Supp. 2d 1169, 1178-79 (D. Or. 2008) (web site was commercial advertising where sites are accessible to the public); *M-3 & Associates, Inc. v. Cargo Systems, Inc.*, No. 99-CV-547 AS, 2004 WL 834690 at *3 (N.D. Ind.) ("M-3's catalog, website, and trade magazine are various forms of promotions to anonymous recipients; and thus, are commercial advertisements which fall under the scope of the Lanham Act").

On the whole, defendants' arguments pertaining to whether Thermal Design meets the basic pleading requirements to state an actionable claim are overwrought, and appear to

-4-

Case 2:08-cv-00828-RTR   Filed 04/29/09   Page 4 of 8   Document 35

represent an over-reading of *Twombly*. Defendants go on in great detail attempting to explain how the allegations fail to allege false or misleading statements or commercial advertising made to induce the purchase of a product. *Twombly* does not require heightened fact pleading. *See Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). Defendants argue that they shouldn't be forced to endure costly discovery, but even if "discovery is likely to be more than usually costly," the complaint will survive as long as it includes "as much factual detail and argument as may be required to show that the plaintiff has a plausible claim." *Id.* at 803-04. Notice pleading is still the standard, and the second amended complaint successfully states various claims under the Lanham Act and the corresponding Wisconsin statute.

Defendants also argue that Thermal Design's claims are subject to the heightened pleading standard of Fed. R. Civ. P. 9(b) because they are "premised upon a course of fraudulent conduct." *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). A plaintiff claiming fraud or mistake must "do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate." *Id.* To satisfy the heightened pleading requirement, the complaint must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). More simply, the complaint must provide the "who, what, when, where and how" of the alleged fraud. *Borsellino* at 507.

As an initial matter, it is not entirely clear that Rule 9(b) applies to false advertising claims under the Lanham Act. *Compare Conditional Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006); *John P. Villano, Inc. v. CBS, Inc.*, 176 F.R.D. 130, 131 (S.D.N.Y. 1997) ("No matter how parsed, a claim of false advertising under the Lanham Act . . . is not identical to a claim of fraud"). This is an issue yet to matriculate to an appellate court in any jurisdiction. *See, e.g., Nutrition & Fitness, Inc. v. Mark Nutritionals, Inc.*, 202 F. Supp. 2d 431, 434 (M.D.N.C. 2002); *Wellness Pub. v. Barefoot*, No. 02-3773 (JAP), 2008 WL 108889 at *14 (D.N.J. 2008).

Assuming that heightened pleading applies, the second amended complaint meets the requirements of Rule 9(b). Each claim specifies the party responsible for various commercial representations, where they were made (in brochures and fliers displayed on the internet and at trade shows), when they were made (variously between 2006 and 2008), and how the advertisements were false or fraudulent (by claiming that their competing products meet certain specifications which are met by Thermal Design's products). *See, e.g., Axcan Scandipharm Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1084 (D. Minn. 2007) (plaintiff "has pleaded the 'who [the corporate Defendants], what [false advertising], where [in ads targeted to drug databases, wholesalers, and pharmacies], when [since the late 1990's], and how [falsely claiming their drugs are generic equivalents or substitutes]" of its claims); *Nutrition & Fitness*, 202 F. Supp. 2d at 434 (counterclaim pled with particularity by alleging that "statements are false, cannot be substantiated, and that products use lower quality

-6-

ingredients, undergo inferior product testing, and use inferior or unproven active ingredients").

Thermal Design does not allege the particular individual who created or communicated the allegedly false advertisements. However, it strikes the Court as difficult if not impossible at the pleading stage for a plaintiff to identify who created or transmitted an advertisement beyond the company or entity that is ultimately responsible. The particularity requirement "must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where . . . the plaintiff alleges a fraud against one or more third parties." *Corley v. Rosewood Care Center, Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998). The detail provided in the second amended complaint gives adequate notice to defendants and demonstrates that the claims are responsible and supported.

Finally, defendants move to strike certain allegations in the first and second amended complaints as immaterial and prejudicial. Upon timely motion, a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. 12(f)(2). Motions to strike are disfavored because "extraneous allegations . . . are entirely ignorable." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). Courts may strike extraneous allegations that are "actually prejudicial to the defense." *Id.; see also Black v. Long Term Disability Ins.*, 373 F. Supp. 2d 897, 904 (E.D. Wis. 2005) ("In order to prevail on a motion to strike, a party must show that the allegations it challenges can have no possible bearing upon the subject matter of the litigation and will be prejudicial to it").

-7-

Defendants argue that much of the background information in the pleadings are irrelevant, but they fail to demonstrate how the allegations are prejudicial. The Court is also unable to conclude that these allegations have no possible bearing on the underlying litigation.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Defendants' motion to dismiss and to strike immaterial allegations [D. 8, D. 12] is **DENIED**;

2. Thermal Design's motion for leave to file an amended complaint [D. 15] is **GRANTED**; and

3. Thermal Design should file their second amended complaint within ten (10) days of the date of this Order.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2009.

                                                  **SO ORDERED,**

                                          *s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **Chief Judge**