UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| THERMAL DESIGN, INC.,<br><br>                Plaintiff,<br>  v.<br><br>GUARDIAN BUILDING PRODUCTS, INC.,<br>GUARDIAN BUILDING PRODUCTS<br>DISTRIBUTION, INC., GUARDIAN<br>FIBERGLASS, INC. and<br>CGI/SILVERCOTE, INC.<br><br>                Defendants. | Case No.: 08-CV-828-RTR |

**GUARDIAN DEFENDANTS' RULE 7.4 EXPEDITED NON-DISPOSITIVE MOTION
FOR ENTRY OF PROTECTIVE ORDER**

      Defendants Guardian Building Products, Inc., Guardian Building Products Distribution, Inc. and Guardian Fiberglass, Inc. ("Guardian") respectfully move this Court to enter the proposed Protective Order, attached hereto as Exhibit A.

**I.    Background**

      On July 16, 2009, the parties conducted a Rule 26(f) conference at which they agreed to the need for a protective order to govern the treatment of confidential information in this case. On July 29, 2009, the parties submitted a Joint Rule 26(f) Report in which they jointly informed this Court that they would be filing a joint motion for entry of such an order. (D.I. 46). Guardian (and Defendant CGI Silvercote, Inc.) subsequently executed the parties Agreed Protective Order (Exhibit A) and sent it to Plaintiff, Thermal Design, for execution. Thermal Design said it would sign the Order after the Rule 16(b) conference with the Court. After the conference, however, Thermal Design inquired about the operation of the provision regarding use and disclosure of

Highly Confidential information (paragraph 3(c)). Counsel for Guardian explained that, as is customary with direct competitors, under the Order a party's business representatives can see the other party's Confidential information, but are not permitted to see the other party's Highly Confidential information (in this case, specific customer pricing or specific vendor pricing). Thermal Design responded, nonetheless, that its business representatives, Daniel Harkins and Casey Harkins, wanted to see Guardian's Highly Confidential information.

Despite its good faith attempt to resolve the issue, Guardian has been unable to gain Thermal Design's concurrence. Both parties have served and are to respond to discovery requests within two weeks.

## II. The Proposed Protective Order Strikes the Appropriate Balance Between Protecting the Competitors' Proprietary Information and Any Specific Need For Seeing the Other Parties' Proprietary Information.

Guardian and Thermal Design agree to the provisions of the proposed Protective Order, except for paragraph 3(c), which does not allow the parties' business representatives to see the other party's Highly Confidential specific vendor or customer pricing information. If a party has a genuine need for additional access to such Highly Confidential information then the Order allows it to seek the producing party's permission and, if not granted, move this Court for an order granting access to that information. *See* Ex. A, ¶ 3(g).

Thus the proposed Protective Order strikes the appropriate balance between protecting the parties' Highly Confidential business information and allowing business representatives to see such information upon request to the producing party or showing of specific need.

## III. Thermal Design Provides No Legitimate Reason for Giving Its Decision Makers Unfettered Access to Guardian's Highly Confidential Business Information.

Indeed, Thermal Design provides no legitimate reason for giving its business representatives automatic, unfettered access to Guardian's Highly Confidential business

information.  Unlike Daniel Harkins and Casey Harkins—who Thermal Design expressly identifies as the company's "decision makers"[1]—Guardian's in-house counsel are not business representatives of Guardian.  Rather, as integral members of Guardian's legal team, they assist in making legal decisions regarding the litigation and formulating legal strategies.  *See* Decl. of Thomas Pastore.  It is for this legitimate basis that they require access to all materials produced in the course of this litigation.  Further, they are bound as officers of the court, as well as under the proposed Protective Order, to not disclose Thermal Design's Highly Confidential information to Guardian business representatives.[2]

The parties are direct competitors in an essentially two-competitor industry.  Thus automatic, unfettered access by Thermal Design's decision makers to Guardian's Highly Confidential business information may have deleterious effect on Guardian's business operations.

Wherefore, for the reasons stated herein, Guardian respectfully requests that this Court enter the attached proposed Protective Order.

| | |
|---|---|
| Dated this 3rd day of September, 2009 | /s/ J. Aron Carnahan |
| | Thomas L. Gemmell |
| Thomas A. Cabush | J. Aron Carnahan |
| Wis. State Bar No. 1019433 | Laurie A. Haynie |
| KASDORF, LEWIS & SWIETLIK | HUSCH BLACKWELL SANDERS, LLP |
| One Park Plaza | 120 South Riverside Plaza, 22nd Floor |
| 11270 West Park Place, Fifth Floor | Chicago, Illinois 60606 |
| Milwaukee, Wisconsin 53224 | (312) 655-1500 / (312) 655-1501 (fax) |
| (414) 577-4027 / (414) 577-4400 (fax) | tom.gemmell@huschblackwell.com |
| tcabush@kasdorf.com | aron.carnahan@huschblackwell.com |
| | laurie.haynie@huschblackwell.com |
| | |
| | Attorneys for Guardian Defendants |

---

[1] Dan Harkins is the founder, owner (to our knowledge) and former President of Thermal Design.
[2] That Thermal Design does not have in-house counsel should be of no effect to this motion.  With or without in-house counsel, the parties are provided equal safeguards under the proposed Protective Order.