# EXHIBIT A

Case 2:08-cv-00828-RTR   Filed 09/03/09   Page 1 of 10   Document 50-2

# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| THERMAL DESIGN, INC., <br><br> Plaintiff, <br> v. <br><br> GUARDIAN BUILDING PRODUCTS, INC., <br> GUARDIAN BULDING PRODUCTS <br> DISTRIBUTION, INC., GUARDIAN <br> FIBERGLASS, INC. and <br> CGI/SILVERCOTE, INC. <br><br> Defendants. | Case No.: 08-CV-828-RTR |

## [PROPOSED] PROTECTIVE ORDER

This matter has come before the Court on the Guardian Defendants' Motion for Entry of Protective Order. The Court finding that the parties and non-parties subject to discovery in this case may request or produce documents or materials containing or revealing confidential research and development or commercial information, the disclosure of which may harm the party producing such information, it is hereby ordered:

1. <u>Definitions</u>:

a. "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

b. "Confidential" information is information concerning a person's business operation, process, and technical and development information, the disclosure of which is likely to

CHI-1196-1

harm that person's competitive position or would contravene an obligation of confidentiality to a third person or to a Court.

c. "Highly Confidential" information is information concerning specific customer pricing or specific vendor pricing.

d. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

2. <u>Designation of Information as Confidential or Highly Confidential</u>:

a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking the document on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as Confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient. Under such circumstances, the producer shall inform the

inspecting party prior to the inspection that such documents or things contain Confidential information.

c. A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential or Highly Confidential. Absent any on the record designation of information as Confidential or Highly Confidential, all transcripts of depositions shall be treated as Confidential until the expiration of fourteen days after receipt of the transcript. Confidential or Highly Confidential documents or things used as exhibits at a deposition shall be retained by the court reporter in a separate sealed envelope marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

d. A person designates information in responses to written discovery as Confidential or Highly Confidential by marking those portions of such responses to which the claim of confidentiality is made as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

e. A person's failure to designate a document or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

f. A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

g. If a party disputes another person's designation of information as Confidential or Highly Confidential, the party shall notify the producer in writing of the basis for the dispute. The party and the producer shall then meet and confer to attempt to resolve the dispute

without involvement of the Court. If they cannot resolve the dispute, the party disputing the designation may, within a reasonable time, move the Court to remove the designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

3. <u>Use and Disclosure of Confidential or Highly Confidential Information</u>:

a. Confidential or Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case: (iv) a stenographer or videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 3(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 3(b)(i), (ii), (iv), (v), and (vi).

d. A party may not disclose Confidential or Highly Confidential information to an expert or consultant pursuant to paragraph 3(b) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within ten days after service of the identification. Unless the parties resolve the dispute with ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

e. Notwithstanding paragraphs 3(b) and 3(c), a party may disclose Confidential or Highly Confidential information to: (i) any employee or agent of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

f. This order shall not limit a producing person's use or disclosure of its own Confidential or Highly Confidential information.

g. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraphs 3(b), 3(c) or 3(e) must first make a reasonable

attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

h.  Prior to any hearing or trial, the Court shall determine the procedures governing the use of Confidential or Highly Confidential information at such hearing or trial.

4.  Inadvertent Disclosure: The inadvertent production of any document claimed to be subject to the attorney-client privilege, the work-product doctrine, or other privilege is not a waiver of that privilege or protection, either as to that specific discovery materials or information or as to any other discovery materials or information relating thereto. Upon reasonably prompt request of the person that produced such document, the receiver of such document must promptly return the document and any copies thereof; must not use or disclosure the information claimed to be privileged or protected until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

5.  Filing with the Court: This order constitutes authorization for filing under seal documents containing Confidential or Highly Confidential information. Any document filed under seal must be accompanied by a cover sheet disclosing: (i) the caption of the case, including case number; (ii) the document's title; (iii) that the document is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"; and (iv) a statement that the document is filed as Confidential or Highly Confidential in accordance with this order. To the extent Confidential or Highly Confidential information may be filed electronically under seal, the Court's procedures for doing so shall apply. A notice of electronic filing will be sent to opposing counsel, but opposing counsel will not be able to view such

filing. Therefore, all such documents must be served on opposing counsel using non-electronic means.

6. <u>Document Disposal</u>: Upon the conclusion of this case, including any associated appeals, each person who received Confidential or Highly Confidential materials must return to the producer all such materials and copies of documents containing the producer's Confidential or Highly Confidential information. Alternatively, the receiving person may destroy such materials and copies of documents and certify in writing that it has done so. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, and counsel of record for a party to this action may retain copies of Confidential or Highly Confidential materials that contain their notes or other work product. All retained documents and things remain subject to the provisions of this order.

7. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

8. <u>Survival of Obligations</u>: The obligations under this order regarding Confidential and Highly Confidential information shall survive and remain in full force and effect after termination of this action. The Court shall retain continuing jurisdiction over the parties and any non-party bound by this order for the purpose of enforcing this order's provisions.

ENTERED

Date: _____    By:_____
                                                                                    Judge

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| THERMAL DESIGN, INC.,<br><br>    Plaintiff,<br> v.<br><br>GUARDIAN BUILDING PRODUCTS, INC.,<br>GUARDIAN BULDING PRODUCTS<br>DISTRIBUTION, INC., GUARDIAN<br>FIBERGLASS, INC. and<br>CGI/SILVERCOTE, INC.<br><br>    Defendants. | Case No.: 08-CV-828-RTR |

**Addendix 1**

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

I, _____ being duly sworn,

state that:

1.  My address is_____.

2.  My present employer is _____.

3.  My present occupation or job description is _____

_____.

4.  I have been provided a copy of the Agreed Protective Order in this case.

5.  In the last ten years, I have or have not (circle one) worked either for Plaintiff or any of

   the Defendants, or their predecessors or affiliates, as an employee or consultant.

6.  I have read and understand the provisions of the Agreed Protective Order.

CHI-1197-1             1

7. I will comply with all of the provisions of the Agreed Protective Order.

8. I will hold in confidence and not disclose to anyone not authorized under the Agreed Protective Order, any materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information or any words, substances, summaries, abstracts or indices of material containing such information disclosed to me.

9. Upon conclusion of this case, I will return all materials containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information and summaries, abstracts or indices thereof, and copies thereof, that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Agreed Protective Order in this case.

11. I certify under penalty of perjury that the foregoing is true and correct.


Executed on _____, 200__.


                                                                       _____
                                                                       Signature