# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THERMAL DESIGN, INC.,**

                Plaintiff,

                                                          **Case No. 08-C-828**

      -vs-

**GUARDIAN BUILDING PRODUCTS, INC.,
GUARDIAN BUILDING PRODUCTS
DISTRIBUTION, INC., d/b/a
GBP/SILVERCOTE, INC., and
CGI/SILVERCOTE, INC.,**

                Defendants.

## DECISION AND ORDER

This matter comes before the Court on Guardian Building Products, Inc.'s motion for the entry of a protective order regarding the exchange of confidential information between the parties during discovery. The plaintiff, Thermal Design, Inc., objects to the provision in the proposed protective order that allows Guardian's in-house legal counsel to see material designated "Highly Confidential" without permission or approval of the Court. Thermal Design argues that this provision is unfair because unlike Guardian, Thermal Design does not employ in-house counsel. Therefore, Thermal Design proposes that two of its Vice Presidents be allowed unrestricted access to Highly Confidential information under the terms of the protective order. In the alternative, Thermal Design argues that Guardian's in-house counsel should be precluded from reviewing such information as a matter of course.

The Court's entry of a protective order is governed by Fed. R. Civ. P. 26(c)(1). This rule provides that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Such an order may require that a "trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). Absent a protective order, parties to a lawsuit may disseminate materials during discovery as they see fit. *See Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994).

Guardian's proposed protective order defines Highly Confidental information as "information concerning specific customer pricing or specific vendor pricing." As noted, Thermal Design argues that Dan Harkins, Thermal Design's Vice President of Research and Development at Thermal Design, and Casey Harkins, Thermal Design's Vice President of Technology, should be allowed automatic access to information deemed "Highly Confidential." Thermal Design and Guardian are direct competitors in a two-competitor industry. Therefore, the Court finds that there is good cause to preclude Dan and Casey Harkins from having automatic, unfettered access to Guardian's pricing information.

Thermal Design objects that it is inequitable to allow Guardian's in-house counsel to see "Highly Confidential" information, but not any corresponding representatives from Thermal Design. Apparently, Thermal Design does not have any in-house attorneys. Equities aside, this distinction does not establish good cause to preclude Guardian's in-house counsel from unfettered access to the information at issue.

Regarding the balance of the proposed protective order, the Court finds that there is good cause to restrict the exchange of "Confidential" and "Highly Confidential" information between the parties in accordance with those provisions. Therefore, the Court will execute Guardian's proposed protective order (Document 50-1), with one exception. Paragraph 5 provides that the order "constitutes authorization for filing under seal documents containing Confidential or Highly Confidential information." This section must be stricken. "Secrecy is fine at the discovery stage, before the material enters the judicial record," *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002), but the Court may not grant a "virtual carte blanche to either party to seal whatever portions of the record the party want[s] to seal. . . . The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir 1999). Confidential information can always be filed in Court under seal, but it will be unsealed in the absence of good cause. *See id.*; *Grove Fresh Dist., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Guardian's motion for a protective order [D. 50] is **GRANTED**; and

2. Guardian should file a proposed protective order for the Court's review and signature that eliminates the language in paragraph 5 of the proposed order.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2009.

                                        **SO ORDERED,**

                                        *s/ Rudolph T. Randa*
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**