UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| THERMAL DESIGN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN BUILDING PRODUCTS, INC., GUARDIAN BUILDING PRODUCTS DISTRIBUTION, INC., GUARDIAN FIBERGLASS, INC., and CGI/SILVERCOTE, INC.,<br><br>Defendants. | Case No.: 08-CV-828-RTR |

**GUARDIAN DEFENDANTS' CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DISCOVERY**

For nearly a year Plaintiff has refused to produce a document that it acknowledges is relevant to this case; *i.e.*, its settlement agreement with the American Society of Heating, Refrigerating and Air-Conditioning Engineers ("ASHRAE settlement agreement") arising from the case *Thermal Design, Inc., v. ASHRAE.*, (E.D. Wis. 2007) (No. 07-C-765). Plaintiff has never argued that the document is irrelevant or that it would be burdensome to produce it. Plaintiff's sole objection is that "[i]t contains a confidentiality provision." (Gemmell Aff. Ex. D at 2.) The Court, however, has already entered a protective order that allows for the protection of third party information. Accordingly, the Guardian Defendants by and through their attorneys, respectfully move this Court to compel Plaintiff to produce the ASHRAE settlement agreement.

1. **Background**

ASHRAE sets the relevant standards in the parties' industry. Plaintiff sued ASHRAE, claiming that ASHRAE standards regarding systems at issue in this lawsuit are inaccurate, deceptive and misleading. (Gemmell Aff. Ex. B.) Earlier this year, ASHRAE and Plaintiff

CHI-9352-3

entered into a settlement agreement. (Gemmell Aff. Ex C.) While it is impossible to determine without seeing the document, based on averments made to the Court in their joint request to stay the proceedings, it is reasonable to assume that the settlement addresses ASHRAE standards and related matters at issue in this case:

> Extensive negotiations took place for more than seven months, with a confidential settlement agreement reached early this year. However, due to the nature of the terms of the settlement and the standards by which ASHRAE (a trade association) operates, the parties will not know until as late as December 31, 2010 as to whether certain events within ASHRAE have taken place that are required by the terms of the settlement. If these events do not take place then the potential exists that the settlement will not go forward, and the parties will proceed with this litigation.

(*Id.*)

Eleven months ago Defendants requested that Plaintiff produce the ASHRAE settlement agreement. (Gemmell Aff. Ex. A.) Plaintiff objected. Over the course of several months, Defendants attempted to resolve the dispute, including through numerous email and letter exchanges and two meet and confer telephone conferences. (*See* L.R. 37 Certification ¶¶ 1-10). Defendants maintained throughout that any concerns regarding confidentiality are adequately addressed by the protective order entered in this case, which allows a party to designate material as Confidential "the disclosure of which is likely to . . . contravene an obligation of confidentiality to a third person or to a Court." (Dkt. 62 at ¶ 1(b)) Nonetheless, Plaintiff has continued to refuse to produce the document absent court order. (Gemmell Aff. Ex. D at 2.)

**2.      Argument**

Plaintiff has provided no proper justification for refusing to produce this relevant, responsive document. It contends only that the ASHRAE settlement agreement contains a confidentiality provision. This is, in and of itself, no argument. Moreover, there is no special protection for a settlement agreement. They are, as a rule, discoverable. *Constar Int'l v. Ball Plastic Container Corp.*, No. 05-C-669-C, 2006 WL 6021150, at *1 (W.D. Wis. Mar. 27, 2006)

CHI-9352-3

(surveying federal case law and adopting "the majority view" that settlement agreements are discoverable). Furthermore, several courts recognize that a confidentiality provision in a settlement agreement has no effect on a discovery request for that settlement agreement, especially where, as here, a confidentiality order is in place. *Bd. of Trs. v. Tyco Int'l. Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (*citing Conopco, Inc. v. Wein*, No. 05CV9899, 2007 WL 1040676, at *5 (S.D.N.Y. 2007)) (collecting cases).

The *Tyco* decision is especially informative. In *Tyco*, plaintiffs not only objected to production based on the confidentiality provision of the settlement agreement, but also based on relevance (not in dispute here). Regarding plaintiffs' confidentiality objection, the court held that "the simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery" and that "[t]his is especially true, here, where there is a Confidentiality Order in place . . . that is more than adequate to protect [plaintiffs'] proprietary information from misuse." *Tyco*, 253 F.R.D. at 523 (citations and quotation marks omitted). Moreover, the court held that Federal Rule of Evidence 408 was no bar to the production of such agreements because "Congress chose to promote . . . limits on the *admissibility* of settlement material rather than limits on their *discoverability." Id.*

Here, as in *Tyco*, adequate measure is provided to protect any confidential information contained within the ASHRAE settlement agreement, as any disclosure of that agreement will be designated "Confidential" pursuant to this Court's protective order regarding the exchange of confidential information between the parties during discovery. (*See* Dkt. 62). Given this protection, and that Plaintiff has lodged no other objection to producing it, there is simply no reason the ASHRAE settlement agreement should not be produced. *LaForest v. Honeywell Int'l Inc.,* No. 03 Civ. 6448T, 2004 WL 1498916, at *7 (W.D.N.Y. July 1, 2004).

CHI-9352-3

WHEREFORE, Defendants respectfully request that this Court enter an order compelling Plaintiff to produce the ASHRAE settlement agreement within seven days. Defendants further request their actual costs and attorney's fees associated with bringing this motion to compel.

Dated: August 4, 2010.   Respectfully submitted,

/s/ Thomas L. Gemmell
Thomas L. Gemmell
HUSCH BLACKWELL LLP
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
Telephone: (312) 655-1500
Fax: (312) 655-1501
E-mail: tom.gemmell@huschblackwell.com

Thomas A. Cabush
State Bar No. 1019433
KASDORF, LEWIS & SWIETLIK, S.C.
One Park Plaza
1270 West Park Place, Fifth Floor
Telephone: (414) 477-4000
Fax: (414) 577-4400
E-Mail: tcabush@kasdorf.com

Attorneys Guardian Building Products, Inc.,
Guardian Building Products Distribution, Inc. and
Guardian Fiberglass, Inc.