**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**THERMAL DESIGN, INC.,**

          Plaintiff,

    -vs-                                          **Case No. 08-C-828**

**GUARDIAN BUILDING PRODUCTS, Inc.,**
**GUARDIAN BUILDING PRODUCTS**
**DISTRIBUTION, INC., GUARDIAN**
**FIBERGLASS, INC. and CGI/SILVERCOTE, Inc.,,**

          Defendants.

---

## DECISION AND ORDER

---

This matter comes before the Court on the Guardian Defendants' (Guardian Building Products, Guardian Building Products Distribution, and Guardian Fiberglass) expedited non-dispositive motion to compel production of the settlement agreement (actually a contingent settlement agreement) entered between the plaintiff, Thermal Design, and the American Society of Heating, Refrigerating and Air-Conditioning Engineers ("ASHRAE") in *Thermal Design v. ASHRAE*, Case No. 07-C-765 (E.D. Wis.)

For good cause, the Court may order discovery of any nonprivileged matter relevant to the subject matter involved in this action. Fed. R. Civ. P. 26(b)(1). The Guardian Defendants argue that the settlement agreement likely addresses ASHRAE standards and "related matters at issue in this case." Thermal Design argues that the settlement of its claims against ASHRAE is not relevant, but this misses the point by failing to explain how

information contained in the agreement is irrelevant. Accordingly, Thermal Design essentially concedes that the settlement agreement contains information that is relevant to this lawsuit.

Thermal Design objects that the settlement agreement is confidential. However, Thermal Design's disclosure of the settlement agreement would be subject to the protective order entered in this case. D. 62, ¶ 3(b). Most cases find that a settlement agreement is discoverable despite a confidential designation, especially when there is a protective order in place to prevent unauthorized disclosure. *Board of Trustees of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008) (collecting cases).

Thermal Design cites a case refusing to order the disclosure of documents related to settlement discussions because of the "public policy regarding confidentiality during settlement negotiations" embodied in Fed. R. Evid. 408. *Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08 C 50078, 2010 WL 257253, at *3 (N.D. Ill. Jan 22, 2010). However, *Bergstrom* is distinguishable because it does not appear that the disclosure was protected by a protective order. More importantly, the use of Rule 408, a rule of evidence, to prohibit the disclosure of settlement documents during the discovery process is questionable. *In re Subpoena Issued to Commodity Futures Trading Com'n*, 370 F. Supp. 2d 201, 211 (D.D.C. 2005) ("Congress clearly enacted [Fed. R. Evid. 408] to promote the settlement of disputes outside the judicial process. However, it is equally plain that Congress chose to promote this goal through the limits on the *admissibility* of settlement material rather than limits on their *discoverability*")

(emphases in original). Put simply, there is no controlling case in the Seventh Circuit,[1] but the Court agrees with the cases which find that there is no federal privilege preventing the discovery of settlement agreements and related documents. *In re Subpoena*, 370 F. Supp. 2d at 212 (declining to recognize federal settlement privilege); *Id.* at 209 n. 9, 11 (collecting cases finding for and against privilege); *Tyco*, 253 F.R.D. at 522.

In the alternative, Thermal Design asks the Court to conduct an *in camera* review of the contingent settlement agreement to determine what portions/paragraphs are relevant, with the remainder to be redacted. The parties should meet and confer on this issue. If the parties are unable to reach an agreement, the Court will conduct an *in camera* review in the context of a motion to compel or a motion for a protective order. Thermal Design also asks that the document be designated "highly confidential" pursuant to the Court's protective order. The Court declines this request because the protective order is meant to be self-executing. It is up to the disclosing party, in good faith, to designate a document as confidential or highly confidential. The Court's involvement is necessary only if the producing party's designation is disputed and the parties cannot resolve the dispute. D. 62, ¶ 2(g).

Finally, the Guardian Defendants request an award of costs and attorney's fees associated with their motion to compel. Because of the conflicting and noncontrolling caselaw on this subject, Thermal Design's objection was substantially justified, so an award

---

[1] The Seventh Circuit did observe that there was "no convincing basis" for the proposition that "the conduct of the settlement negotiations is protected from examination by some form of privilege." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979). This case is not controlling precedent here because the Seventh Circuit was inquiring into the fairness of a class action settlement, not ruling on a particular discovery dispute. *Id.*

-3-

of costs and fees is inappropriate. Fed. R. Civ. P. 37(a)(5)(A)(ii); *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 161 F.R.D. 309, 314 (E.D. Pa. 1995) (declining to impose sanctions where position was not completely without basis in the law).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the Guardian Defendants' motion to compel [D. 84] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2010.

                                  **SO ORDERED,**

                                  *s/ Rudolph T. Randa*
                                  **HON. RUDOLPH T. RANDA**
                                  **U.S. District Judge**