UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

THERMAL DESIGN, INC.,

       Plaintiff,

v.                                                                Case No.: 08-CV-828-RTR

GUARDIAN BUILDING PRODUCTS, INC.,
GUARDIAN BUILDING PRODUCTS
DISTRIBUTION, INC. d/b/a GBP/SILVERCOTE,
INC., GUARDIAN FIBERGLASS, INC.,
and CGI/SILVERCOTE, INC.

       Defendants,

and

VALLEY FORGE INSURANCE COMPANY and
CONTINENTAL CASUALTY COMPANY,

       Intervening Plaintiff,
v.

THERMAL DESIGN, INC. and CGI/SILVERCOTE, INC.

       Defendants in Intervention.

**PLAINTIFF THERMAL DESIGN INC.'S RULE 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DISCOVERY RELATING TO METAL BUILDING INSULATION AND UNREDACTED AGREEMENTS**

      **Section/Request 1. --** Plaintiff Thermal Design, Inc. ("TDI") requests an order finding the Defendants Guardian Building Products, Inc., Guardian Building Products Distribution, Inc., Guardian Fiberglass, Inc., and CGI/Silvercote, Inc.s' ("Defendants") faced and unfaced metal building insulation ("MBI") is at issue and relevant to this litigation, and requiring the Defendants respond to discovery requesting information and documentation directed to faced MBI and unfaced MBI, including testing and analysis, thermal performance, design,

development, advertising, product materials, installation instructions, lawsuits, and financials including sales, costs and profits ("MBI Discovery").

TDI served discovery relating to Defendants' MBI, including on matters involving MBI Discovery. Defendants maintain faced MBI and unfaced MBI is not relevant unless a component of one of its systems, thus withholding significant responses to MDI Discovery.

The MBI Discovery, including of thermal performance and financials, is relevant and discoverable. First, TDI's Counts V and VI (false advertising and Wis. Stat. sec. 100.18) against Defendants relate to both the over-the-purlin method of installation (involving a single layer of *faced* MBI) and the sag-and-bag method of installation (involving a single layer of *faced* MBI and one or more additional layers of *unfaced* MBI). Counts VII and VIII (false advertising and Wis. Stat. sec. 100.18) relate to the Defendants' Purlin Glide and Purlin Glide FP Systems, of which *unfaced* MBI is a component. (Affidavit of Casey Harkins). All four of these Counts address the installed thermal performance of those methods/systems, alleging in part the Defendants false and misleadingly advertise the installed thermal performance of their faced MBI and unfaced MBI when installed using the over-the-purlin method of installation, sag-and-bag method installation, or installed using their Purlin Glide and Purlin Glide FP Systems. Important to note is that the installed thermal performance of these methods/systems *is dependent* on the thermal properties of the insulation materials used in the method/system, that being the faced MBI and the unfaced MBI. (Aff. of Harkins). Consequently, the Defendants' unfaced and faced MBI are at issue and relevant to the claims/Counts brought by TDI, and discovery directed at MBI appropriate. This encompasses testing relating to thermal properties, including the conductivity, thickness and density of MBI after manufacturing but prior to

2

installation, and testing performed attempting to adhere to the NAIMA 202 Standard, which one or more of the Defendants have represented their MBI complies with. (Aff. of Harkins).

Second, Counts III, IV and IX (false advertising; Wis. Stat. sec. 100.18; interference with contract) relate to representations with respect to Defendants' Energy Saver and Energy Saver FP Systems. Multiple Defendants have claimed their product meets or exceeds architectural specifications specifying TDI's Simple Saver System with NAIMA 202 Certified fiberglass insulation. Thus, testing of Defendants' MBI relating to the NAIMA 202 Standard is relevant.

Third, the Defendants have asserted counterclaims against TDI, alleging in part that TDI's thermal performance assertions for its products are false and/or misleading. As TDI has at times used the Defendants' MBI, the thermal properties and testing of the Defendants' MBI is also relevant and discoverable with respect to TDI's defense of the counterclaim.

In light of the foregoing, the Defendants faced MBI and unfaced MBI is relevant to this litigation, including the false advertising claims. These claims assert that by falsely advertising thermal performance the Defendants improperly obtained sales and profits from others including TDI. Thus, discovery directed at the financials (sales, costs, profits) of MBI is likewise discoverable, including for purposes of assessing damages.

The Seventh Circuit allows discovery "if there is **any** possibility that the information sought **may** be relevant to the subject matter of the action," and finds that "the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 450 (N.D. Ill., 2006) (emphasis added). The burden is on the objecting party (the Defendants in this case) to show why a particular request is improper. *Id.*; *see also*, *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 303 (N.D.

Ill., 1997). Based upon the foregoing law and analysis, TDI requests as order as outlined in the first paragraph of this Section.

**Section/Request 2. --** TDI requests an order requiring the Defendants produce an *unredacted* copy, including all attachments thereto, of the Asset Purchase Agreement entered into between the defendants Guardian Building Products Distribution, Inc. and CGI/Silvercote. To date they have only produced a significantly *redacted* copy, eliminating large sections and entire paragraphs, including paragraph headings. The Agreement is appropriately discoverable without any redactions. First, the terms of the purchase of CGI are relevant or potentially relevant to multiple issues (see authorities cited in Section 1). One example is whether each party assumed liabilities of the other. Another example is whether there are any representations or warranties made regarding the sales or quality or characteristics of products at issue. Another example is if Larry Zupon (the owner of CGI who after the sale became affiliated with the Defendants) or anyone else at CGI, as a part of the agreement, received compensation or incentives for selling products at issue that are in competition with TDI's products. These are just a few examples. Second, without knowing what is redacted we cannot know if those portions are relevant. Third, the Court's Protective Order adequately protects the Defendants' interest in maintaining the confidentiality of the information contained in the redacted portions.

Dated this 22nd day of December, 2010.

                                       __s/ Jeffrey J.P. Conta_____
                                       Jeffrey J.P. Conta, SBN 1018203
                                       *Attorneys for Plaintiff*
                                       von BRIESEN & ROPER, s.c.
                                       411 East Wisconsin Avenue, Suite 700
                                       Milwaukee, WI 53202
                                       Telephone: (414) 287-1369
                                       Fax: (414) 276-6281
                                       E-mail: jconta@vonbriesen.com