**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| THERMAL DESIGN, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUARDIAN BUILDING PRODUCTS, INC., GUARDIAN BUILDING PRODUCTS DISTRIBUTION, INC., GUARDIAN FIBERGLASS, INC., and CGI/SILVERCOTE, INC., <br><br> Defendants. | Case No.: 08-CV-828-RTR |

**DEFENDANTS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE THE SURPRISE EXPERT REPORT OF RICHARD BERO**

Pursuant to L.R. 7(h), the Guardian Defendants and Defendant CGI/Silvercote, Inc. jointly move this Court for an Order striking the October 7, 2011 Supplemental Expert Report of Richard F. Bero. In addition to violating the Court's Scheduling Order, the Report presents new opinions based on information that Mr. Bero had well before he submitted his original reports. Thus, although these new opinions could, and in fact were required to, have been rendered *months ago*, Thermal Design, without this Court's permission or agreement of the Defendants, withheld them until the very end of expert discovery, just days before Mr. Bero's deposition. Moreover, to the extent that Mr. Bero's new report is also directed to rebut opinions set forth in the rebuttal reports of Defendants' damages experts, it is in fact an unauthorized sur-rebuttal report and further untimely under the Federal Rules. Accordingly, Mr. Bero's unauthorized, surprise report is highly prejudicial to Defendants and should be stricken.[1]

**BACKGROUND**

On May 27, 2011, the deadline for disclosure of damages experts and submission of expert reports, the parties disclosed their experts and exchanged expert reports to contain a complete

---

[1] Defendants' counsel conferred with Thermal Design's counsel on October 12, 2011, but were unable to obtain Thermal Design's agreement to withdraw Mr. Bero's October 7, 2011 Supplemental Report.

statement of all opinions to be expressed pursuant to Rule 26(a)(2)(B). Thermal Design disclosed Mr. Bero as its expert and served a report setting forth his opinions.[2] Exhibit A. The Guardian Defendants disclosed Glenn Dalhart as their expert and served his expert report.[3]

On August 15, 2011, the deadline for disclosure of rebuttal experts and submission of their rebuttal reports, the parties disclosed rebuttal experts and exchanged their rebuttal reports to contain a complete statement of all opinions to be express pursuant to Rule 26(a)(2)(B). Thermal Design disclosed Mr. Bero as its rebuttal damages expert and served his rebuttal report. The Guardian Defendants disclosed Mr. Bero as their rebuttal damages expert and served his rebuttal to Mr. Bero's damages opinions relating to the Guardian Defendants. And Defendant CGI/Silvercote disclosed John Peters as its rebuttal damages expert and served his rebuttal to Mr. Bero's damages opinions relating to CGI/Silvercote.

On the afternoon of Friday October 7th, *nearly five months after the disclosure deadline, nearly two months after* the Defendants' experts had submitted their rebuttal reports, and just six work days before Mr. Bero's scheduled deposition, Thermal Design served Defendants with a new report of Mr. Bero (Exhibit B), containing numerous new opinions as well as rebuttal to the rebuttal opinions of Messrs Dalhart and Peters. Among other things, Mr. Bero:

- Renders new opinions on profits that Thermal Design claims should be disgorged by Defendants. *See* Exhibit B, Sec. II.A;
- Renders new opinions on differences between uncorrected MBI sales data and corrected sales data. *Id.*, Sec. II.B;
- Renders new profit disgorgement opinions based on uncorrected MBI sales data. *Id.*;
- Renders new opinions on Guardian Fiberglass' alleged profits for intercompany sales to GBPD. *Id.*, Sec. II.A.3;

---

[2] On August 5, 2011, Mr. Bero supplemented his report to address corrected Energy Saver sales information that the Defendants had provided in July 2011.

[3] On July 1, 2011, Mr. Dalhart supplemented his report to address additional documents that Thermal Design had produced to Guardian after May 27. Thus, Mr. Dalhart's supplemental report was based on new information provided after the parties' initial expert disclosures. Moreover, Mr. Dalhart's Supplemental Report was produced more than a month and a half before the deadline for exchanging rebuttal expert reports and almost two months before Mr. Dalhart was deposed by Thermal Design on August 26, 2011.

- Introduces a new Plaintiff's lost profits theory based on alleged effect of fall protection version of GBPD's Energy Saver on its market share. *Id.,* Sec. II.C; and
- Corrects calculation errors in his original reports revealed by Defendants' damages experts in their rebuttal reports. *Id.*, Sec. II.D.

## ARGUMENT

**I.     Bero's "Supplemental" Opinions are Based on Previously Known Information:** These opinions are based on information that Mr. Bero had before he submitted his original reports and, thus, are not "supplemental" opinions based on new information. *See Trinity Homes, LLC v. Ohio Cas. Ins. Co. Group*, 2011 U.S. Dist. LEXIS 61701, *7-10 (S.D. Ind. June 8, 2011) For example, Mr. Bero renders new opinions on profits that Thermal Design claims should be disgorged based on the Guardian Defendants' sales and financial statement data that he had since before his original reports. *See e.g*. Exhibit B, Schedule 1.04 (note A) & Schedule 3 (notes A & B). Mr. Bero's other new opinions (see above) are also based on data that he had since his original reports. Thus, while Mr. Bero could, and was required to, have rendered these opinions months ago, he failed to do so.

**II.    Thermal Design Violates the Court's Scheduling Order and Federal Rules**: Moreover, the deadlines for submission of expert reports and rebuttal reports have long since passed. Nearly *five months* have passed since the May 27, 2011 deadline for submitting expert damages reports[4] and nearly *two months* have passed since the August 15, 2011 deadline for submitting rebuttal reports.[5] Thus Mr. Bero's submission of a new report containing new opinions and rebuttal-to-rebuttal opinions, violates the Court's Scheduling Orders. Even if Thermal Design believed that it did not need permission or agreement to serve yet another report with new opinions and rebuttal-to-rebuttal opinions,[6] Mr. Bero's Supplement Report is still untimely under the Federal Rules. Rule 26 provides that a party must make expert disclosures at the time and in the sequence that the court orders, but *absent a stipulation or a court order*, expert disclosures intended to contradict or rebut

---

[4] March 31, 2011 (Docket 106), extended by agreement to May 27, 2011 for reports of damages experts.
[5] July 29, 2011 (Docket 152), extended by agreement to August 15, 2011.
[6] The case schedule has been amended a number of times but has never provided for sur-rebuttal reports.

another party's expert disclosure <u>must be made within 30 days after the other party's disclosure</u>. Fed.R.Civ.P. 26(a)(2)(D). Thus, Mr. Bero's new report was served outside the time limit imposed by Rule 26. *See Tivo Inc. v. Echostar Comms. Corp.,* 206 WL5153082 (E.D. Tex. Apr. 3, 2006).

**III.     Bero's Surprise Report is Highly Prejudicial to Defendants:** Defendants could not have anticipated that Mr. Bero would be offering additional opinions and analysis at this late stage. Indeed, Thermal Design's service of his new report on a Friday afternoon, just six (6) working days before Mr. Bero's scheduled deposition,[7] appears to have been timed to sandbag Defendants with new opinions disclosed at the eleventh hour.  Moreover, Thermal Design has already taken the deposition of Mr. Dalhart, thereby leaving the Guardian Defendants no opportunity to address the validity of any of Mr. Bero's new or rebuttal-to-rebuttal opinions.  Indeed, Defendants and their experts have spent significant amounts of time and effort rebutting opinions that have now been materially altered.[8]  All of this has prejudiced the Defendants.  *See Custom Foam Works, Inc. v. HydrotechSystems, Ltd.*, 2011 WL 2161106 (S.D. Ill. Jun. 1, 2011)

## CONCLUSION

Accordingly, for the foregoing reasons, Guardian requests that the Court enter the attached Order striking the October 7, 2011 Supplemental Expert Report of Richard F. Bero.  In the alternative, the Defendants request that their damages experts also be allowed to submit reports to address Mr. Bero's rebuttal report and October 7, 2011 Supplemental Report.


/s/ Russell A. Klingaman                             /s/ Thomas L. Gemmell
Russell A. Klingaman                                 Thomas L Gemmell
Brett B. Larsen                                      J. Aron Carnahan
HINSHAW & CULBERTSON LLP                             George S. Pavlik
100 East Wisconsin Avenue                            HUSCH BLACKWELL LLP

---

[7] The deposition was subsequently postponed pending the Court's ruling on this motion.
[8] In addition to multiple categories of new opinions (*see* Background *supra*), Mr. Bero makes changes to over 100 pages of detailed schedules, re-calculates data to correct for his calculation errors, and rebuts the opinions of Messrs Dalhart's and Patrick's contained in their rebuttal reports.

CHI-14132-4

Suite 2600
Milwaukee, WI 53202
(414) 225-4808
(414) 276-9220 (fax)
rklingaman@hinshawlaw.com
blarson@hinshawlaw.com

Attorneys for CGI/Silvercote, Inc.

120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606
(312) 655-1500
(312) 655-1501 (fax)
tom.gemmell@huschblackwell.com
aron.carnahan@huschblackwell.com
george.pavlik@huschblackwell.com

Thomas A. Cabush
Wis. State Bar No. 1019433
KASDORF, LEWIS & SWIETLIK
One Park Plaza
11270 West Park Place, Fifth Floor
Milwaukee, Wisconsin 53224
(414) 577-4027
(414) 577-4400 (fax)
tcabush@kasdorf.com

Attorneys for Guardian Building Products, Inc., Guardian Building Products Distribution, Inc. and Guardian Fiberglass, Inc.