# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**THERMAL DESIGN, INC.,**

        Plaintiff,

        -vs-

**Case No. 08-C-828**

**GUARDIAN BUILDING PRODUCTS, Inc.,
GUARDIAN BUILDING PRODUCTS
DISTRIBUTION, INC., GUARDIAN
FIBERGLASS, INC. and CGI/SILVERCOTE, Inc.,**

        Defendants,

and

**VALLEY FORGE INSURANCE COMPANY and
CONTINENTAL CASUALTY COMPANY,**

        Intervening Plaintiff,

        -vs-

**THERMAL DESIGN, Inc. and CGI/SILVERCOTE, Inc.,**

        Defendants in Intervention.

---

## DECISION AND ORDER

---

The Guardian Defendants and Defendant CGI/Silvercote, Inc. move to strike the October 7, 2011, Supplemental Expert Report of Richard F. Bero as untimely filed. Bero is Thermal Design's expert on damages. Pursuant to the scheduling order in this case, Mr. Bero's initial report was disclosed by Thermal Design on May 27 and his rebuttal report was

disclosed on August 15. The dispositive motion deadline is December 16 and trial is set to commence the week of May 14, 2012.

Thermal Design argues that Bero's October 7 report was merely a required supplement pursuant to Rule 26(e)(1)(A), which provides that a party has a duty to supplement or correct an expert disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The "purpose of supplemental disclosures is just that – to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998). Supplemental expert opinions that "threaten to belatedly send the case on a wholly different tack" should be excluded. *Talbert v. City of Chi.*, 236 F.R.D. 415, 424 (N.D. Ill. 2006). However, Bero's supplemental report is merely a refinement of his opinion on damages. In that sense, Bero's new opinions "relate to the same issues on which a battle of the experts has been ongoing since the outset of the litigation and on which both experts will have an opportunity to elaborate in their trial testimony." *Mintel Int'l Group, Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 685 (N.D. Ill. 2009).

Moreover, even if Bero's report is not a proper supplement, the report can still be saved if the failure to timely disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The Court's discretion is guided by the following factors: (1) the prejudice or

surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Defendants argue that they were prejudiced because the late disclosure was made just six days before Mr. Bero's scheduled deposition. However, that deposition was postponed pending the Court's ruling on this motion. As it stands, there is plenty of time to cure any prejudice which arose from the timing of Thermal Design's disclosure. As suggested by the defendants, allowing the defendants' damages experts to submit reports in response to Mr. Bero's rebuttal and supplemental report will help cure any prejudice. None of this should disrupt the trial date in this case.

Also before the Court are two motions to seal. In the first motion, the defendants request leave to file Bero's May 27 and October 7 reports under seal because they contain "highly sensitive financial information of the parties, as well as highly sensitive sales data that reveals (both directly and indirectly) customer and/or vendor specific pricing." Pricing information may constitute a trade secret. *Star Scientific v. Carter*, 204 F.R.D. 410, 414-15 (S.D. Ind. 2001). Therefore, this motion will be granted, subject to the limitation that redacted versions of these documents must be filed so that only the protected information is kept from the public eye. General L.R. 79(d) (Committee Comment).

In the second motion to seal, the defendants move to seal excerpts from a deposition transcript of Leslie Christianson because they were designated by Thermal Design as "confidential" pursuant to the Protective Order in this case. As the Court has frequently

noted, the Protective Order cannot and does not grant a "virtual carte blanche to either party to seal whatever portions of the record the party want[s] to seal. . . . The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir 1999). Therefore, the Court "must determine what parts of the [record] contain material that ought, upon a neutral balancing of the relevant interests, be kept out of the public record." *Id.*

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. The defendants' motion to strike the expert report of Richard Bero [D. 166] is **DENIED**;

2. The defendants' motion to seal the expert reports of Richard Bero [D. 165] is **GRANTED**, subject to the limitation that redacted versions of D. 170 and D. 170-1 must be filed within ten (10) days of the date of this Order. If redacted versions are not filed, the Clerk of Court is directed to unseal D. 170 and D. 170-1. Any interested member of the public can challenge the secreting of this information by filing an appropriate motion.

3. The defendants' motion to seal excerpts of the deposition transcript of Leslie Christianson [D. 169] is **DENIED**. Briefs establishing good cause to seal those portions of D. 168 and D. 168-4 which were redacted must be filed within ten (10) days of the date of this Order. If no briefs are filed, the Clerk of Court is directed to unseal D. 171 and D. 171-1.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2011.

                                        **BY THE COURT**:

                                        _____
                                        **HON. RUDOLPH T. RANDA**
                                        **U.S. District Judge**